No. 12,871.

COMPTON *v.* THE PEOPLE.

(3 P. [2d] 418)

Decided September 8, 1931. Rehearing denied October 5, 1931.

Mr. JOHN M. KEATING, Mr. JOHN W. SHIREMAN, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. EDWARD J. PLUNKETT, Assistant, for the people.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ROBERT Compton was convicted of larceny as bailee of a check. He says that the verdict and the judgment are wrong, and seeks a reversal of the latter.

Opal Crum, a resident of Pueblo, was Compton's agent engaged in the sale of corporate stocks. On October 16, 1930, acting as sales agent, she obtained from George H. Wise an order for eight shares of stock of the Southern Colorado Power Company. At the time he gave his order he delivered to her his check for $836, payable to

her order, to be used in the purchase of the stock. She endorsed the check and delivered it to Compton, and received from him and delivered to Wise a so-called "confirmation of sale," signed "Evans Securities Co. by Robert Compton." Compton personally cashed the check at the bank. Mrs. Crum telephoned to Compton several times, inquiring "when the stock would be in." He told her that he had to send it to Denver to be "blocked out." At another time he telephoned her from Colorado Springs that he was on the way to Pueblo with the Wise stock, and that when he arrived she could get the certificate and deliver it to Wise. However, instead of going to Pueblo, he left the state about the 25th of October, and some two weeks later he was in jail in Seattle, Washington, under the name of "Arno L. Hamilton." He returned to Colorado in custody of a deputy sheriff.

That Compton did not endorse the check to the Evans Securities Company, but cashed it himself at the bank, and that he did not deliver to Wise any stock certificate or the proceeds of the stock, was proven by undisputed evidence. There is no evidence that Compton bought any Southern Colorado Power Company stock of the Evans Securities Company, or elsewhere. The jury had a right to conclude, and no doubt did conclude, that Compton made the statement to Mrs. Crum concerning his possession of a stock certificate for the purpose of allaying suspicion and delaying investigation until he could make his escape.

To establish criminal intent, the people introduced evidence of a similar transaction that occurred about two days before Compton left the state. One Brannan gave to Mrs. Crum his check for $352.50, payable to the order of Compton, to be used in the purchase of certain corporate stock. As in the present case, so in that instance, Compton gave a so-called "confirmation of sale," signed "Evans Securities Co. By Robert Compton," personally received the money on the check, and fled the state with the proceeds.

The evidence on behalf of the people was undisputed. No attempt was made to contradict it or explain it.

The evidence supports the verdict and the judgment. The jury were justified in finding that the defendant was a bailee of the check, and that he converted it to his own use with intent to steal the same. C. L. §6732; *Tashima v. People,* 58 Colo. 98, 144 Pac. 200.

The judgment is affirmed.

Mr. Chief Justice Adams, Mr. Justice Hilliard and Mr. Justice Alter concur.